**Hrach ZADORYAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 06–71739.**

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2007 *.

Filed July 19, 2007.

Leavy, Circuit Judge, filed opinion dissenting in part.

Asbet A. Issakhanian, Esq., Glendale, CA, for Petitioner.

CAC–District, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Janice K. Redfern, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration LIT., Mark L. Gross, Esq., DOJ—U.S. Department of Justice, Civil Rights Division/Appellate Section, NWB 7149, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: LEAVY, THOMAS, and BERZON, Circuit Judges.

## MEMORANDUM **

Hrach Zadoryan, a citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming in part the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252.

Where, as here, it is unclear whether the BIA conducted a de novo review, we may "look to the IJ's oral decision as a guide to what lay behind the BIA's conclusion." *Avetova–Elisseva v. INS,* 213 F.3d 1192, 1197 (9th Cir.2000). We review for substantial evidence, *Kataria v. INS,* 232 F.3d

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1107, 1112 (9th Cir.2000), and we deny the petition in part, grant it in part, and remand.

■ Substantial evidence supports the BIA's denial of Zadoryan's CAT claim because he did not show that it is more likely than not that he would be tortured if he returned to Armenia. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

■ Substantial evidence also supports the BIA's finding that Zadoryan did not establish past persecution because the two detentions, interrogation, and minimal physical harm he endured did not rise to the level of persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1019–21 (9th Cir. 2006). However, substantial evidence does not support the BIA's finding that the two incidents did not occur on account of Zadoryan's actual or imputed political opinion. *See Grava v. INS*, 205 F.3d 1177, 1181 (9th Cir.2000).

■ Also, in finding a lack of nexus with regard to the two detentions, the BIA failed to consider whether the final incident leading to Zadoryan's flight—the broadcast of his photographs on television—established either a well-founded fear or clear probability of persecution on account of a protected ground. Accordingly, we remand Zadoryan's asylum and withholding of removal claims for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW DENIED in part; GRANTED in part; and REMANDED.**

* This panel unanimously finds this case suitable for decision without oral argument.

Judge LEAVY, dissenting.

Judge Leavy would deny the petition in its entirety.